## Good Woolridge v. The State.

### No. 1482.   Decided April 17, 1912.

**1.—Seduction—Charge of Court—General Objections.**

An objection that the court erred in the following paragraph of his general charge, without pointing out any error therein, is too general to be considered on appeal.

**2.—Same—Requested Charge—Practice on Appeal.**

An objection that the court erred in refusing to give defendant's special charge, without setting out the same in the motion for new trial or stating why it should have been given, can not be considered on appeal.

**3.—Same—Sufficiency of the Evidence.**

Where the testimony of the prosecutrix was sufficiently corroborated, a conviction for seduction must be sustained.

**4.—Same—Charge of Court—Chastity of Prosecutrix.**

Where, upon trial of seduction, the court instructed the jury that if they had any reasonable doubt as to prosecutrix' chastity prior to the alleged intercourse, to acquit the defendant, there was no error.

**5.—Same—Function of Jury.**

The law requires a jury to pass on the guilt of the defendant in a felony case, and makes it the judge of the credibility of the witnesses and the weight to be given the testimony, and where, upon trial of seduction, the evidence sustained the conviction, the verdict will not be disturbed.

Appeal from the District Court of Brown.   Tried below before the Hon. John W. Goodwin.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. C. Williams,* for appellant.—On question of insufficiency of the evidence: Spendrath v. State, 48 S. W. Rep., 192; Simmons v. State, 54 Texas Crim. Rep., 619, 114 S. W. Rep., 841; Muhlhause v. State, 56 Texas Crim. Rep., 288, 119 S. W. Rep., 866; State v. Adams, 25 Ore., 172; People v. Ryan, 63 N. Y. App. Div., 429; People v. Van Alstyne, 144 N. Y., 361; 25 Am. & Eng. Ency. Law, p. 231.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted, tried and convicted of the offense of seduction, and his punishment assessed at two years confinement in the penitentiary.

1. There are no bills of exception in the record, and the complaints of the charge of the court are too general to be considered, the objections being as follows: "Because the court erred in the following paragraph of his general charge," and then follows a paragraph of the charge.   It is not attempted to point out any error in

the paragraph, if error there be. This has been held to be too general to be considered on appeal, and that in the motion for new trial the error must be specifically pointed out. Quantana v. State, 29 Texas Crim. App., 454; Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W. Rep., 878; Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W. Rep., 884. All the complaints of the charge are in the same general terms and point out no error.

2. The complaint of the failure of the court to give special charges requested is as follows: "Because the court erred in refusing to give defendant's special charge No. 1," etc. The charge requested is not set out in the motion, and no reason stated why it should have been given. These grounds did not call the trial court's attention to any error, if error be committed. A motion for a new trial is to call the trial judge's attention specifically to what is claimed to be an error, that he may grant a new trial, if error there be, and not necessitate an appeal. As presented in the motion, those grounds can not be considered. Ryan v. State, supra, and other authorities above cited.

3. This leaves, as the only grounds in the motion that we can consider, those relating to the insufficiency of the evidence to sustain the conviction. The mother of the prosecuting witness corroborates her as to the promise of marriage, she stating that defendant asked her if she would give him Lena. She is also corroborated in this by her brother, Austin Roomsberg. Mrs. Roomsberg also testified that after her daughter gave birth to a baby, defendant was at her home talking to her daughter when she (Mrs. Roomsberg) walked in where they were and said: "Good, look at the baby; it looks like you, and you know that it is yours," to which he replied: "I guess it is." This would also corroborate the prosecuting witness as to the act or acts of intercourse. The testimony offered by defendant would all tend to show that the prosecuting witness was not a chaste girl. There was evidence offered on behalf of the State that she was virtuous, in addition to her testimony, and the court in his charge fairly submitted this issue, telling the jury:

"If from the evidence you believe that defendant and Lena Roomsberg did have carnal intercourse with each other, as charged, and that said female yielded to such intercourse on account of defendant's promise to marry her, yet if you believe from the evidence, or if you have a reasonable doubt as to whether or not, prior to such alleged intercourse, she had had carnal intercourse with any other man or boy, or if you have a reasonable doubt as to whether or not said Lena Roomsberg had had such intercourse with any other man or boy, you will acquit defendant."

It is true that the evidence would show that defendant and the prosecuting witness had been acquainted but a short time prior to the time she says they became engaged to be married, and he had been with her but a few times prior to the time she says the first act of intercourse took place, but these were facts and circumstances

to be considered by the jury, and where the evidence offered on be-
half of the State, if true, would support the verdict, and the jury
finds by their verdict it to be true, we do not feel authorized to set
the judgment aside. The law requires a jury to pass on the guilt of
a person in a felony case, and makes it the judges of the credibility
of the witnesses and the weight to be given the testimony. The
judge is to instruct them as to the law governing, and we are to
pass upon whether or not the court committed error in admitting
or rejecting testimony, or in applying the law to the case in his
charge, and if no error is pointed out in the motion for a new trial,
we will not disturb the verdict unless there is a total lack of evidence,
or the evidence is so improbable that no unbiased person would be
justified in arriving at the conclusion that one is guilty of the offense
charged.

The judgment is affirmed.

*Affirmed.*